UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JOSE LEONARDO and ENRIQUE LEONARDO,

                Plaintiffs,

        -against-

CITY OF NEW YORK, POLICE OFFICER CHRISTOPHER WALSH, POLICE OFFICER, MELCHOR ALBAN, LIEUTENANT HENRY DAVERIN and JOHN and JANE DOE 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

Index No. 17-CV-1311 (MKB)(LB)`

Jury Trial Demanded

        Plaintiffs JOSE LEONARDO and ENRIQUE LEONARDO complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

        1.    Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

        2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 1343, and 1367.

**VENUE**

        4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.	Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.	The Plaintiff JOSE LEONARDO is and was at all times relevant herein a resident of Kings County, New York.

7.	The Plaintiff ENRIQUE LEONARDO is and was at all times relevant herein a resident of Kings County, New York.

8.	Defendant CITY OF NEW YORK ("City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.	Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

10.	Defendant P.O. Christopher Walsh ("Walsh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walsh is sued in his individual capacity.

11.	Defendant P.O. Melchor Alban ("Alban"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alban is sued in his individual capacity.

12.	Defendant Lieutenant Henry Daverin ("Daverin"), at all times relevant

herein, was an officer, employee and agent of the NYPD. Defendant Daverin is sued in his individual capacity.

13. That at all times hereinafter mentioned, the individually named defendants, JOHN AND JANE DOE 1 through 10, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

15. Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## STATEMENT OF FACTS

16. On or about September 19, 2015, plaintiffs JOSE LEONARDO and ENRIQUE LEONARDO were lawfully present outside of their house on 2917 Fulton Street, Brooklyn, New York 11207.

17. Plaintiffs saw police officers, including Walsh, Alban and Deverin, approach their friend, who did not speak much English, and ask him for his identification.

18. Their friend did not understand the order, but an officer proceeded to slam him against a gate.

19. After Jose explained that the friend did not speak English, a defendant officer grabbed him by the arms and began pushing him.

20. The officer slammed Jose into a car, and two other officers hit him in the back of his

knee with a nightstick.

21. While he was being arrested, Jose was also punched in the back of his neck.

22. Enrique objected when the officers slammed Jose into the car and beat him.

23. An officer then jumped up and slammed Enrique in the back of the neck with a police radio.

24. While in the police car, plaintiffs complained that they were having trouble breathing.

25. Jose tried to record the situation in the back of the police car, but an officer tried to take his phone, bending his finger backward and almost breaking it, and punching Jose twice in the stomach.

26. Plaintiffs were taken to the Precinct and Central Booking.

27. All charges against plaintiffs were eventually dismissed.

28. All of the above occurred as a direct result of the unconstitutional policies, customs, and practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

29. The aforesaid is not an isolated incident, defendant City is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: reporting misconduct of other officers; the use of excessive force; searching individuals and their private property; and seizing individual's personal property including cellular used to record police conduct.

30. Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City has retained these

officers, and failed to adequately train and supervise them.

31. Defendant City is further aware that such improper supervision and training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

32. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical and psychological injuries, pain, and mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

38. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an

amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. §1983 as to defendants John and Jane Doe 1 through 10)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

40. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

41. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. §1983 as to defendants John and Jane Doe 1 through 10)

43. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

44. Defendants unreasonably searched plaintiffs thereby causing plaintiffs to suffer emotional distress, embarrassment, humiliation, and loss of privacy.

45. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and

disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. §1983
as to defendants John and Jane Doe 1 through 10)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiffs' constitutional rights.

48. As a result of the aforementioned conduct, plaintiffs were subjected to excessive force and sustained physical injuries, pain and mental anguish, and emotional distress.

49. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Constitutional Right to Fair Trial
as to defendants John and Jane Doe 1 through 10)

50. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

51. The individual defendants created false evidence against plaintiffs.

52. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the

Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. §1983 as to defendant City)

54. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD included, but were not limited to, police officers: failing to report misconduct of other officers; using excessive force against individuals; unlawfully searching individuals; and unlawfully seizing an individual's personal property.

57. In addition, the City engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the City to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiffs.

59. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by

plaintiffs as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, plaintiffs were subjected to excessive force and he was unlawfully arrested.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    a. To be free from false arrest/unlawful imprisonment;

    b. To be free from unreasonable search and seizure; and

    c. To be free from excessive force.

64. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

    A.    full and fair compensatory damages in an amount to be determined by a jury;

    B.    punitive damages against the individual defendants in an amount to be determined by a jury;

    C.    reasonable attorneys' fees and the costs and disbursements of this action; and

    D.    such other and further relief as appears just and proper.

DATED:    August 29, 2017
                New York, New York

/s_____
Robert Marinelli, Esq.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiff*